UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION    11 MAY 19 PM 5: 20

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Case No. 8:11-CR-280-T-30TGW |
| : | 18 U.S.C. §1030(a)(2)(C) |
| JANETTE M. DELLISANTE : | 18 U.S.C. §1347(a)(2) |
| : | 18 U.S.C. §1028A(a)(1) |
| : | Forfeitures |
| : | 18 U.S.C. § 982(a)(2)(B) |
| : | 18 U.S.C. § 982(a)(7) |

### INDICTMENT

The Grand Jury Charges:   

### COUNT ONE

Beginning at least as early as July 2009 and continuing through on or about January 29, 2010, at Tampa, Hillsborough County, in the Middle District of Florida,

**JANETTE M. DELLISANTE,**

defendant herein, for the purpose of commercial advantage and private financial gain, did knowingly and intentionally access the protected computers belonging to WellCare Health Plans Incorporated, without authorization, and did thereby obtain information relating to enrollees of the WellCare programs.

In violation of Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B)(i).

### COUNTS TWO THROUGH FOUR
### (THE HEALTH CARE FRAUD COUNTS)

A. Introduction

At times material to this Indictment:

1.  WellCare Health Plans Incorporated (WellCare) was a Florida Corporation and was a "health care benefit program."

2. Universal Health Care Group (Universal) was a Florida Corporation and was a "health care benefit program."

3. Defendant Janette M. Dellisante was employed with WellCare from on or about April 9, 2007 through on or about July 7, 2009.

4. Defendant Janette M. Dellisante was employed with Universal from on or about September 14, 2009 through on or about February 4, 2010.

### B. The Scheme

5. Beginning at least as early as November 15, 2009, and continuing through on or about February 2, 2010, in Tampa, Hillsborough County, in the Middle District of Florida, and elsewhere,

### JANETTE M. DELLISANTE,

defendant herein, did knowingly and willfully execute and attempt to execute a scheme and artifice, by means of materially false and fraudulent pretenses, representations and promises, to obtain money and property owned by and under the custody and control of Universal Health Care Group, a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

### C. Manner and Means

The manner and means utilized to accomplish the scheme included, among others, the following:

6. It was part of the scheme and artifice that the defendant would and did use a password provided by a WellCare employee to access the WellCare computer database, without authorization, and obtain WellCare proprietary information relating to individuals enrolled with WellCare.

7.  It was further part of the scheme and artifice that the defendant would and did use the information pertaining to WellCare enrolled individuals to fill out Universal enrollment forms to include providing fraudulent signatures on the forms.

8.  It was further part of the scheme and artifice that the defendant would and did use the information concerning WellCare enrolled individuals to enroll those same individuals into Universal health plans, often without the knowledge and consent of those individuals enrolled.

9.  It was further part of the scheme and artifice that the defendant would and did receive payment from Universal for the individuals that the defendant enrolled into the Universal health plan.

### D. Execution of the Scheme

10. On or about the dates set forth below, in the Middle District of Florida, for the purpose of executing the aforementioned scheme and artifice, and attempting to do so, the defendant did knowingly and willfully enroll the individuals named below into the Universal health plan, without their knowledge or consent.

| Count | Date | Name of Individual Enrolled |
|---|---|---|
| TWO | December 10, 2009 | F. Smith |
| THREE | December 31, 2009 | B. Peters |
| FOUR | December 31, 2009 | G. Tinney |

All in violation of Title 18, United States Code, Sections 1347(a)(2) and 2.

## COUNTS FIVE THROUGH SEVEN
### (THE AGGRAVATED IDENTITY THEFT COUNTS)

### COUNT FIVE

On or about December 10, 2009, at Tampa, Hillsborough County, in the Middle

District of Florida,

JANETTE M. DELLISANTE,

defendant herein, during and in relation to the felony offense alleged in Count Two above, said count being re-alleged herein verbatim, did knowingly possess and use, without lawful authority, a means of identification of another person, that is, the name and birth date of F. Smith, when enrolling said individual, without his knowledge or permission, in the Universal health plan.

In violation of Title 18, United States Code, Section 1028A(a)(1), (b), & (c)(5).

## COUNT SIX

On or about December 31, 2009, at Tampa, Hillsborough County, in the Middle District of Florida,

JANETTE M. DELLISANTE,

defendant herein, during and in relation to the felony offense alleged in Count Three above, said count being re-alleged herein verbatim, did knowingly possess and use, without lawful authority, a means of identification of another person, that is, the name and birth date of B. Peters, when enrolling said individual, without his knowledge or permission, in the Universal health plan.

In violation of Title 18, United States Code, Section 1028A(a)(1), (b), & (c)(5).

## COUNT SEVEN

On or about December 31, 2009, at Tampa, Hillsborough County, in the Middle District of Florida,

JANETTE M. DELLISANTE,

defendant herein, during and in relation to the felony offense alleged in Count Four

above, said count being re-alleged herein verbatim, did knowingly possess and use, without lawful authority, a means of identification of another person, that is, the name and birth date of G. Tinney, when enrolling said individual, without his knowledge or permission, in the Universal health plan.

In violation of Title 18, United States Code, Section 1028A(a)(1), (b), & (c)(5).

## FORFEITURES

The allegations contained in Counts One through Four of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(2)(B) and (7).

1.   From her engagement in any or all of the violations alleged in Count One of this Indictment, defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B) any and all of her right, title and interest in any property constituting, or derived from, proceeds she obtained directly or indirectly, as the result of such violation.

2.   From her engagement in any or all of the violations alleged in Counts Two through Four of this Indictment, defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7) any and all of the her right, title and interest in any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the wire fraud or health care fraud offenses.

3.   If any of the property described above, as a result of any act or omission of the defendant:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the Court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL,

_____
FOREPERSON

ROBERT E. O'NEILL
United States Attorney

By: _____
DONALD L. HANSEN
Assistant United States Attorney

_____
JAY L. HOFFER
Assistant United States Attorney
Chief, General Crimes Section

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT

Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

JANETTE M. DELLISANTE

## INDICTMENT

Violations:

18 U.S.C. §§1030(a)(2)(C), 1347(a)(2), and 1028A(a)(1)

A true bill,

_____
Foreperson

Filed in open court this 19th day

of May, 2011.

_____
Clerk

Bail $_____

GPO 863 525

FILED

N:\_Criminal Cases\D\Dellisante, Janette_2010R00501_dlh\f_Indictment_Back.wpd

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

11 MAY 19 PM 3:15

UNITED STATES OF AMERICA

v.  CASE NO. 8:11-CR-280-T-30TGW

JANETTE M. DELLISANTE

SEALED

## MOTION TO SEAL INDICTMENT
## AND RELATED DOCUMENTS

Pursuant to Fed. R. Crim. P. 6(e)(4), and in the interests of law enforcement, the United States of America by Robert E. O'Neill, United States Attorney for the Middle District of Florida, hereby moves the Court to direct the Clerk to seal the Indictment, the file copy of the warrant, defendant information sheet, this motion, the Court's order regarding this motion and any other documents filed in this case that would identify the defendant. Disclosure of the existence of these documents prior to the arrest of a defendant could hinder or impede arrest efforts.

The United States further moves that the Court direct the Clerk to seal the Indictment in this cause except when necessary to provide certified copies of the Indictment to the United States Attorney's Office.

The United States further requests that the Court's Order allow the United States Marshals Service to release certified copies of the arrest warrant to the case agent or other appropriate law enforcement and/or to the United States Attorney's Office, upon verbal request of the United States Attorney's Office to the United States Marshals Service, without further order of the Court.

The United States further requests that the Court's Order allow the United States to disclose the existence of the Indictment in any subsequent search and/or seizure warrants which may be executed in conjunction with the arrest of the defendant.

The United States further moves that the Court direct the Clerk to unseal the documents described herein without further order when any named defendant is taken into custody.

                    Respectfully submitted,

                    ROBERT E. O'NEILL
                    United States Attorney

By: _____
     DONALD L. HANSEN
     Assistant United States Attorney
     USAO No. 060
     400 North Tampa Street, Suite 3200
     Tampa, Florida  33602
     Telephone:   (813) 274-6000
     Facsimile:    (813) 274-6178
     E-mail:         Don.Hansen@usdoj.gov